IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Launeil Sanders, | ) |
| | ) |
| | ) Civil Action No. 7:14-2997-RBH-KFM |
| Plaintiff, | ) |
| | ) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) |
| | ) |
| Alan Wilson, *SC Atty General*; | ) |
| Nikki Haley, *SC Governor*; | ) |
| Burts, Turner and Rhodes; | ) |
| County of Spartanburg, *South Carolina*, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

        The plaintiff is a resident of Spartanburg County and has brought suit against the Attorney General of South Carolina, the Governor of South Carolina, the law firm that represented his former spouse, and Spartanburg County.

        The "Statement of Claim" portion of the complaint contains only one phrase, which is repeated twice: "see COMPLAINT[.]" (doc. 1 at 3, 4). The only relief requested is a temporary restraining order and preliminary injunction against the defendants. No additional documents are attached to the complaint (doc. 1), so it appears that the plaintiff is referencing his complaint in his pending civil rights action, *Launeil Sanders v. Alan Wilson, South Carolina Attorney General Authorized Representative; Burts, Turner, and Rhodes, and its authorized insurance representative; Nikki Haley, Governor of South Carolina and its authorized insurance agent or representative; and Janneth E. Sanders*, Civil Action No. 7:14-2914-RBH-KFM, which is currently pending before the district court. In the complaint in Civil Action 7:14-2914-RBH-KFM, the plaintiff expressed his dissatisfaction with the family court's decision to grant his former spouse a divorce from the plaintiff and with the division of property, monies, and attorney's fees awarded to his former

spouse by the family court. Specifically, the plaintiff, in the Complaint in Civil Action No. 7:14-2914-RBH-KFM alleged:  (1)  on October 4, 2010, Richard Rhodes of the Burts, Turner, and Rhodes Law Firm filed "false triple divorce proceedings" against the plaintiff and tried to create new law (doc. 1 [in Civil Action No. 7:14-2914-RBH-KFM] at 6); (2)  no punishment against defendant Rhodes has been affixed against Richard Rhodes or his law firm by the State of South Carolina, which is chiefly interested in protecting the sanctity of marriage (*Id.* at 7); (3) the suit by the law firm violates S.C. Code Ann. 20-3-10 (*Id.*); (4) under South Carolina law, there must be one year of separation and abandonment before a divorce proceeding may be initiated (*Id.*); (5)  the plaintiff has written four letters to South Carolina Attorney General Alan Wilson, but has not received a response (*Id.*); (6)  "[s]o it must be concluded that Attorney General Alan Wilson doesn't care about the Criminal Felonies being committed by the Spartanburg County Family Law Bench" (*Id.*); (7)  the presiding United States District Judge must hold an emergency hearing and intervene to sign a temporary restraining order against the State of South Carolina and Defendants (*Id.*); (8) the erroneous, false, wanton, reckless, flagrant, and fraudulent divorce case should not have been filed against the plaintiff (*Id.* at 8); (9)  this is an "excellent case where a Presiding U.S. District Judge can make a difference in the quality of Life in South Carolina" (*Id.*); (10) defendant Janneth Sanders has been the plaintiff's spouse for over 20 years, and the plaintiff does not desire a divorce (*Id.*); (11) the plaintiff wants a United States District Judge to intervene and put a "HOLD" on Case No. 2010-DR-42-2870 (*Id.*); (12) criminal felonies are being committed by the Spartanburg Family Law Bench (*Id.*); (13) the plaintiff wants a criminal investigation by Alan Wilson of Family Court Judges (*Id.*); (14)  in November of 2010, Family Court Judge Philip Sinclair signed a "triple corrupt Maintenance Decree that was new law" (*Id.*); (15)  the action filed by the law firm was a "triple corrupt frivolous lawsuit" against the plaintiff, and the plaintiff wants some "equitable Relief and "Royal Damn RELIEF!" (*Id.* at 8-9); (16)  the Family Court erred by not letting the plaintiff and defendant Janneth Sanders go to a marriage counselor (*Id.* at 9); (17)  abstention under *Younger v. Harris*, 401 U.S. 37, 44 (1971), or *Burford v. Sun Oil Co.*, 319 U.S. 315

(1943), is not appropriate (*Id.* at 10); (18) the Family Court for Spartanburg County is making law (*Id.*); (19) the law firm representing the plaintiff's spouse is also illegally making law (*Id.*); (20) defendant Janneth Sanders is not eligible for divorce under any grounds (*Id.* at 11); (21) although defendant Janneth Sanders is entitled to "her ½ Equal Share" on the property at 593 Shoreline Drive in Boiling Springs, she is not entitled to "steal" the $17,000 that the plaintiff paid at closing (*Id.*); (22) although defendant Janneth is not entitled to alimony, the court awarded her $400 per month in alimony (*Id.*); (23) the plaintiff's retirement assets are "100%" his (*Id.*); (24) Richard Rhodes overvalued the plaintiff's assets, which caused Judge Fraley to conclude that the plaintiff should pay the defendant Janneth Sanders $29,000 in cash at settlement (*Id.*): (25) the $29,000 payment is criminal misconduct and should be eliminated (*Id.* at 12); (26) the award of $4000 in attorneys fees to be paid to Richard Rhodes by the plaintiff is illegal (*Id.*); (27) the plaintiff requests an emergency hearing (*Id.*); (28) the plaintiff seeks a "HOLD" on the pending proceedings in Case No. 2010-DR-42-2870 (*Id.*); (29) the plaintiff seeks reimbursement of $17,000 that he will lose on the Veterans loan, if the house if transferred to the defendant Janneth Sanders (*Id.* at 13); (30) the plaintiff seeks payment for the illegal award of alimony of $400 per month, the illegal award of $4,000 in attorney's fees, and $29,000 in settlement fees (*Id.*); and (31) the plaintiff seeks $1,500,000 in punitive damages, which is at a ratio of nine to one of punitive to actual damages (*Id.*).  On page 14 of the complaint in Civil Action No. 7:14-2914-RBH-KFM, the plaintiff reiterates his requests for relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.  The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Office of the Governor State of South Carolina and the Office of the Attorney General of South Carolina are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department, by a citizen of South Carolina or a citizen of another state. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978). Since the allegations relating to Attorney General Wilson and Governor Haley concern matters solely in their official capacities, they are immune from suit under the Eleventh Amendment. *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010) (citing *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995)).

A judgment has been entered in Case No. 2010-DR-42-2870, and the judgment was affirmed on appeal. *See Janneth E. Sanders v. Launeil Sanders*, Appellate Case No. 2012-210626, Opinion No. 2014-UP-098 (S.C.Ct.App. Mar. 5, 2014), which is available at www.sccourts.org. Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts, including decision of a state court having jurisdiction over domestic relations matters. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), (holding that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *Feldman*, 460 U.S. at 484–86. The *Rooker-Feldman* doctrine also applies even if the state court litigation has not reached a

state's highest court. Only the Supreme Court of the United States can review decisions of state courts in civil cases. *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003).

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The law firm of Burts, Turner, and Rhodes and attorney Richard Rhodes are subject to summary dismissal because they have not acted under color of state law. *See Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system").

This federal court does not have diversity jurisdiction to consider any state law claims because the plaintiff and the defendants are citizens of South Carolina. *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267 (1806). Also, even if complete diversity of parties existed in a case, federal district courts do not have jurisdiction to adjudicate domestic relations matters handled by state courts. *See Marshall v. Marshall*, 547 U.S. 293, 308 (2006) ("only 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds"); and *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) ("As the district court correctly observed, the federal courts have long held that diversity jurisdiction does not include the power to grant divorces, determine alimony or support obligations, or determine child custody rights."). Moreover, in this civil action, the United States District Court for the District of South Carolina must accord full faith and credit to the decision of the Family Court for Spartanburg County in Case No. 2010-DR-42-2870. *See* 28 U.S.C. § 1738.

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts

of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989). The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 424 S.E.2d 503 (S.C. 1992). Spartanburg County is not responsible for actions taken by any state courts within Spartanburg County, including the Family Court for Spartanburg County.

The plaintiff is not entitled to a preliminary injunction or temporary restraining order. In order to obtain injunctive relief, a plaintiff must establish: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 19–20 (2008). All four requirements must be satisfied and the plaintiff does not satisfy any of the four criteria. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355, 355 (4th Cir. 2010)(*per curiam*).

The plaintiff has also filed a motion for leave to proceed *in forma pauperis*. Since the above-captioned case is frivolous, this district court may deny the plaintiff's motion for leave to proceed *in forma pauperis*. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980); *Benjamin v. South Carolina 16th Circuit Court of Common Pleas*, Civil Action No. 0:07-2696-JFA-JRM, 2007 WL 4577376, at *4 (D.S.C. Dec. 20, 2007) ("Plaintiff has been given notice in prior cases of this Court's limited jurisdiction and the necessity to present claims capable of being addressed by this federal court. . . . Plaintiff continues to inappropriately use judicial resources on this subject, and he should be required to pay the filing fee in this action rather than be allowed to file another frivolous action with no consequences.").

The above-captioned case is the fourth civil rights action filed by the plaintiff concerning his divorce and domestic relations case. *See Launeil Sanders v. Alan Wilson, South Carolina Attorney General Authorized Representative; Burts, Turner, and Rhodes, and its authorized insurance representative; Nikki Haley, Governor of South Carolina and*

6

*its authorized insurance agent or representative; and Janneth E. Sanders*, Civil Action No. 7:14-2914-RBH-KFM, which is currently pending; *Launeil Sanders v. Burts, Turner, and Rhodes; and County of Spartanburg*, Civil Action No. 7:13-2946-RBH-KFM, which was dismissed on April 21, 2014 (doc. 27 in Civil Action No. 7:13-2946-RBH-KFM); and *Launeil Sanders v. Alan Wilson, S.C. Attorney General; Spartanburg County; Burts, Turner, and Rhodes, Inc.; and Janneth Sanders*, Civil Action No. 7:14-837-RBH-KFM, which was dismissed on June 21, 2014 (doc. 25 in Civil Action No. 7:14-837-RBH-KFM). The plaintiff has also been apprised by the United States District Court for the Western District of North Carolina that he cannot bring domestic relations cases in federal court. *See Sanders v. Gaston County*, No. 3:11-cv407, 2011 WL 4748348, at *1 (W.D.N.C. Oct. 7, 2011) ("The court is concerned that if Plaintiff continues to file lawsuits in this or other federal courts over the child custody matters he complains of here, Plaintiff may be setting himself up for being enjoined from filing future lawsuits in this or another federal court."), *aff'd*, No. 11-2142, 467 Fed.App'x 202 (4th Cir. Feb. 27, 2012).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended that the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 3) be denied. The plaintiff's attention is directed to the Notice on the next page.

July 31, 2014                                              s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).