IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Launeil Sanders,            ) | Civil Action No.: 7:14-cv-2997-RBH |
|        Plaintiff,   ) | |
| v.                          ) | **ORDER** |
| Alan Wilson, *SC Atty General*; Nikki ) | |
| Haley, *SC Governor*; Burts, Turner ) | |
| and Rhodes; County of Spartanburg, ) | |
| *South Carolina*,            ) | |
|        Defendants. ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald.[1] Plaintiff Launeil Sanders, proceeding *pro se*, filed this civil action on July 28, 2014, with the statement of the claim portion of the Complaint simply repeating the phrase "see COMPLAINT" twice, and requesting as relief a temporary restraining order and preliminary injunction against Defendants.[2] The Magistrate Judge issued his R & R on July 31, 2014, *see* R & R, ECF No. 10, and Plaintiff filed timely objections to the R & R, *see* Pl.'s Objs., ECF No. 12. In the R & R, the Magistrate Judge recommends that the Court dismiss this action *without prejudice* and without issuance and service of process due to

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them.").

[2] As the Magistrate Judge noted, it appears Plaintiff is referencing his complaint in a different civil action also before this Court, *Sanders v. Wilson*, No. 7:14-2914-RBH-KFM. Because the allegations of that Complaint are adequately stated in the Magistrate Judge's R & R, which the Court adopts, the Court need not elaborate on them further.

1

Plaintiff's failure to state a claim upon which relief can be granted. *See generally* ECF No. 10. The R & R also recommends that the Court deny Plaintiff's motion to proceed *in forma pauperis*. *See id.* at 7.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissing the action *without prejudice* and without issuance and service of process due to Plaintiff's failure to state a claim upon which relief can be granted. Specifically, the Magistrate Judge reports that the Office of the Governor and Office of the Attorney General of the State of South Carolina are immune from suit under the Eleventh Amendment. *See* R & R, ECF No. 10 at 3–4. Moreover, the *Rooker-Feldman* abstention doctrine

is applicable to the facts alleged in Plaintiff's complaint, as he requests that this Court review a state family court judgment. *See* R & R, ECF No. 10 at 4; *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Next, the Magistrate Judge notes that the Defendant law firm of Burts, Turner, and is also subject to summary dismissal as it has not acted under color of state law. *See* ECF No. 10 at 4–5; *see also Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system"). The Magistrate Judge also explains that this Court does not have diversity jurisdiction to consider any state law claims because Plaintiff and Defendants are citizens of South Carolina. *See* ECF No. 10 at 5.

The Magistrate Judge then detailed that the Courts of the State of South Carolina are part of a unified judicial system, and Spartanburg County is not responsible for any actions taken by any state courts within the county, including the Family Court for Spartanburg County. *See* ECF No. 10 at 5–6; *see also Bailey v. State*, 424 S.E.2d 503 (S.C. 1992). Next, the Magistrate Judge examined Plaintiff's request for a temporary restraining order or preliminary injunction, and determined that he failed to make the requisite showing on any of the four criteria. *See* ECF No. 10 at 6; *see also Winter v. Natural Resources Def. Counsel*, 555 U.S. 7, 19–20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Moreover, the Magistrate Judge found that Plaintiff's motion to proceed *in forma pauperis* should be denied, as this action is frivolous. *See* ECF No. 10 at 6. Finally, the Magistrate Judge notes that this is the fourth civil rights action Plaintiff has filed concerning his divorce and domestic relations case.

In his objections, Plaintiff does not specifically address the Magistrate Judge's recommendation, rehashing only the allegations of his complaint and making a generalized claim that he is entitled to injunctive relief. The Court may only consider objections to the R & R that direct it to a specific error in the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. After a review of the R & R in light of Plaintiff's objections, the Court finds no clear error. Therefore, the Magistrate Judge's recommendation is proper, and Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the complaint, the R & R, objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice* and without issuance and service of process. **IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

**IT IS SO ORDERED.**

                                             s/ R. Bryan Harwell
                                             R. Bryan Harwell
                                             United States District Judge

Florence, South Carolina
November 24, 2014